IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

RONALD CATCHING,

    Plaintiff,

v.                                      Civil Action No. 3:25-cv-00400

JASON REUTER d/b/a
DARLENE'S SHRIMP SHACK,

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RONALD CATCHING (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendant, JASON REUTER d/b/a DARLENE'S SHRIMP SHACK (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## **INTRODUCTION**

1.    This is an action by Plaintiff against his employer pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

2.    Plaintiff seeks damages pursuant to 29 U.S.C. 216(b), including without limitation, unpaid overtime, unpaid minimum wages, liquidated damages, and a reasonable attorney's fee and costs.

1

## JURISDICTION

3. This Court has jurisdiction to hear the merits of Plaintiff's overtime claim pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b). This Court has supplemental jurisdiction to hear the merits of Plaintiff's state-law claims under 28 U.S.C. § 1367, because these claims arise under the same operative facts as Plaintiff's federal claims.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in Galveston County, Texas and operates a business, DARLENE'S SHRIMP SHACK, in Galveston County, Texas.

## THE PARTIES

5. Plaintiff is an individual residing in Galveston County, Texas.

6. Plaintiff was employed by Defendant from May 2023 through February 9, 2025 as a line cook whose primary duties were to prepare food at the regular rate of $15.00 per hour.

7. Defendant is an individual who resides in Galveston County, Texas, operates businesses at 1727 61st Street in Galveston, Texas, and is an employer as defined by 29 U.S.C. § 203(d).

8.	Defendant has employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff was employed.

9.	During Plaintiff's employment with Defendant, Defendant (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

10.	At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11.	At all times material to this complaint, Defendant was an enterprise engaged in interstate commerce, operating a businesses engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12.	At all times material to this complaint, Defendant employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce, *e.g.*, imported foods and kitchen equipment that were manufactured outside of the state of Texas.

13.	At all times material to this Complaint, Defendant was the employer of Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

14.     During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty hours, but was never paid the additional half-time premium for each hour over 40 worked in a workweek as required under the FLSA. Specifically, Plaintiff regularly worked over 45 hours or more hours per week, but was paid only straight time for all hours worked.

15.     Throughout the employment of Plaintiff, the Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

16.     Defendant had knowledge of and approved such work being performed.

17.     Plaintiff did not hold a position that would be considered exempt from the overtime requirements of the FLSA.

18.     As a result of Defendant's unlawful conduct, Plaintiff has been damaged.

19.     Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

20.     Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the

amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

21. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERD, Plaintiff, RONALD CATCHING, demands Judgment against Defendant, JASON REUTER d/b/a DARLENE'S SHRIMP SHACK, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS
## UNDER THE FAIR LABOR STANDARDS ACT

22. Plaintiff re-alleges and incorporates herein paragraphs 1 – 13, *supra*.

23. During Plaintiff's last week of employment with Defendant, Plaintiff performed 33 hours of work for Defendant in Defendant's food truck, but was not

paid for the hours he worked.

24. Defendant has willfully failed to pay Plaintiff minimum wages due for 33 hours during the last week he worked for Defendant.

25. Defendant either knew or showed reckless disregard for the matter of whether his conduct was prohibited by the FLSA and failed to act diligently with regard to his obligations as an employer under the FLSA.

26. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

27. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, RONALD CATCHING, demands Judgment against Defendant, JASON REUTER d/b/a DARLENE'S SHRIMP SHACK, for the following:

    a. Awarding Plaintiff compensatory damages, liquidated damages, attorneys' fees and litigation expenses as provided by law;
    b. Awarding Plaintiff pre-judgment, moratory interest as provided by law if liquidated damages are not awarded; and
    c. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF THE MINIMUM WAGE PROVISIONS
## UNDER THE TEXAS LABOR CODE

28.　Plaintiff re-alleges and incorporates herein paragraphs 1 – 13, *supra*.

29.　During Plaintiff's last week of employment with Defendant, Plaintiff performed 33 hours of work for Defendant in Defendant's food truck, but was not paid for the hours he worked.

30.　Defendant has willfully failed to pay Plaintiff minimum wages for the 33 hours he worked during the last week of his employment.

31.　Defendant either knew or showed reckless disregard for the matter of whether his conduct was prohibited by the Texas Labor Code and failed to act diligently with regard to his obligations as an employer under the Texas Labor Code.

32.　As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

33.　Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, RONALD CATCHING, demands Judgment against Defendant, JASON REUTER d/b/a DARLENE'S SHRIMP SHACK, for the following:

    a.    Awarding Plaintiff compensatory damages, liquidated damages, attorneys' fees and litigation expenses as provided by law;

    b.    Awarding Plaintiff pre-judgment, moratory interest as provided by law if liquidated damages are not awarded; and

    c.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT

34. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 – 13, *supra*.

35. Plaintiff and Defendant entered into a valid and enforceable contract that was performable within one year. By this contract, the parties agreed that Defendant would make a minimum payment to Plaintiff of $15.00 per hour during his employment for each hour worked, and that Plaintiff would accept such payment in exchange for Plaintiff performing work on behalf of Defendant.

36. Plaintiff fully performed his contractual obligations. Defendant breached the contract by failing to pay Plaintiff any wages for the work he performed during the last week of his employment.

37. Defendant's breach has caused injury to Plaintiff resulting in actual damages.

WHEREFORE, Plaintiff, RONALD CATCHING, demands Judgment against Defendant, JASON REUTER d/b/a DARLENE'S SHRIMP SHACK, for the following:

a. Awarding plaintiff compensatory damages, attorneys' fees and litigation expenses as provided by law;

b. Awarding plaintiff pre-judgment interest as provided by law;

c. Awarding plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, RONALD CATCHING, demands a jury trial on all issues so triable.

Respectfully submitted this December 8, 2025,

**ROSS SCALISE BEELER AND PILLISCHER LAW GROUP**

**CHARLES L. SCALISE**
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
charles@rosslawgroup.com

**ATTORNEY FOR PLAINTIFF**

9