IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

RONALD CATCHING,                    §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §        Civil Action No. 3:25-cv-00400
                                    §
JASON REUTER d/b/a                  §
DARLENE'S SHRIMP SHACK,             §
                                    §
        Defendant.                  §

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT JASON REUTER'S ANSWER, OR IN THE ALTERNATIVE, DEEM ALL ALEGATIONS IN PLAINTIFF'S COMPLAINT ADMITTED**

COMES NOW Plaintiff, Ronald Catching, by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 8(b)(1)(A), Fed. R. Civ. P. 8(b)(1)(B), and Fed. R. Civ. P. 8(b)(2), hereby moves to strike the Answer of Defendant Jason Reuter (Dkt. 13), or in the alternative, deem all allegations in Plaintiff's Complaint admitted, and states as follows:

1.      On December 8, 2025, Plaintiff filed a Complaint for unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"), and the Texas Labor Code. (Dkt. 1).

2.      On December 12, 2025, Defendant was served with a Summons and a copy of Plaintiff's Complaint and Demand for Jury Trial. (Dkt. 8).

3.    On February 6, 2026, Defendant Jason Reuter filed an Answer to Plaintiff's Complaint. (Dkt. 15).

4.    The Answer filed by Defendant wholly failed to state in short and plain terms its defenses to each claim asserted against Defendant, failed to admit or deny a single allegation asserted against Defendant in Plaintiff's Complaint, and failed to fairly respond to the substance of a single allegation as required by Fed. R. Civ. P. 8(b)(1)(A), Fed. R. Civ. P. 8(b)(1)(B), and Fed. R. Civ. P. 8(b)(2) which state:

> Rule 8. General Rules of Pleading
>
> (b)    Defenses; Admissions and Denials.
>
> (1)    *In General.* In responding to a pleading, a party must:
>
> (A) state in short and plain terms its defenses to each claim asserted against it; and
>
> (B) admit or deny the allegations asserted against it by an opposing party.
>
> (2)    *Denials—Responding to the Substance.* A denial must fairly respond to the substance of the allegation.

5.    Furthermore, Fed. R. Civ. P. 8(b)(6) states:

> (6)    *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

6.      Defendant's answer makes a blanket assertion denying Plaintiff's claim.  "General denials are prohibited in all but the most exceptional cases." *F.M.D. Holdings, LLC v. Regent Fin. Corp.,* No. 5:20-cv-269, 2021 WL 5883136, at *7 (N.D. Tex. Dec. 10, 2021). This type of denial "in no way places Plaintiff on notice of which allegations in the Complaint Defendant admits or contests.  SEC v. *Kirchner*, No. 4:23-cv-0147, 2023 WL 5322433, at *1 (N.D. Tex July 14, 2023). In such circumstances, the Court should strike Defendant's answer.  *Hameurlaine v. Antione bus, Inc*., No. 4:24-cv-3924, 2025 WL 2043714 (S.D Tex July 2, 2025).

7.      In this case, the Defendant is *pro se*. While a *pro se* litigant's petitions and pleadings are liberally construed, basic procedural pleading obligations still apply. *F.M.D. Holdings, LLC*, 2021 U.S. Dist. LEXIS 236601, 2021 WL 5883136, at *7. "'[P]*ro se* litigants must conform to the same rules that are no doubt more easily understood by lawyers.'" *Id.* (quoting *Propes v. Quarterman*, 573 F.3d 225, 231 (5th Cir. 2009)). "Assuming [defendants] intend to enter a general denial, the defendants' boilerplate assertion that they deny each and every claim is woefully insufficient under the Federal Rules, even for a pro se litigant." *Id.*

WHEREFORE, premises considered, Plaintiff respectfully requests this Court to enter an order striking the Answer filed by Defendant, or, in the alternative, deem each allegation in Plaintiff's Complaint admitted by Defendant.

Respectfully submitted this March 2, 2026.

**ROSS SCALISE BEELER AND PILLISCHER LAW GROUP**

**CHARLES L. SCALISE**
Texas Bar No. 24064621
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
charles@rosslawgroup.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on March 2, 2026, I conferred with Defendant Jason Reuter, via telephone, who stated that Defendant is opposed to the relief sought in this Motion.

**CHARLES L. SCALISE**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on March 2, 2026, I filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Texas, via CM/ECF and emailed a copy of the foregoing document to the below listed party:

Jason Reuter
1018 Skimmer
Galveston, TX 77554
jasonreuter17@gmail.com

**CHARLES L. SCALISE**