Case 3:25-cv-00400   Document 22   Filed 03/04/26 in TXSD   Page 1 of 5

Southern District of Texas

**ENTERED**

March 04, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| RONALD CATCHING, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00400 |
| | § | |
| JASON REUTER, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER[1]

Plaintiff Ronald Catching has filed a motion to strike Defendant Jason Reuter's answer (Dkt. 15). *See* Dkt. 16. For the reasons discussed below, the motion is granted.

## BACKGROUND

Catching instituted this lawsuit against Reuter, d/b/a Darlene's Shrimp Shack, asserting violations of the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), violations of the minimum wage provisions under the Texas Labor Code, and breach of contract. *See* Dkt. 1.

On February 6, 2026, Reuter, who is representing himself, filed an answer using a form for pro se defendants. *See* Dkt. 15. Section II.A of the form instructs the filer on how to answer the claims for relief:

> On a separate page or pages, write a short and plain statement of the answer to the allegations in the complaint. Number the paragraphs. The answer should correspond to each paragraph in the complaint, with paragraph 1 of the answer corresponding to paragraph 1 of the complaint, etc. For each paragraph in the complaint, state whether: the defendant admits the allegations in that paragraph; denies the allegations; lacks sufficient knowledge to admit

---

[1] "When the magistrate judge finds that dismissal or another sanction disposing of a claim or defense [is] unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge." *Carter v. H2R Rest. Holdings, LLC*, No. 3:16-cv-1554, 2016 WL 11664124, at *4 (N.D. Tex. Oct. 31, 2016). Because I am giving Reuter leave to file a Rule 8-compliant answer, my ruling is not dispositive of a claim or defense.

or deny the allegations; or admits certain allegations but denies, or lacks sufficient knowledge to admit or deny, the rest.

*Id*. at 1.

Reuter did not file or attach any response to his form answer. In the form section for presenting defenses, Reuter merely states that "[t]he alleged claim in which the plaintiff seeks have been paid." *Id*. at 2. In the form section for asserting affirmative defenses, Reuter states that "[a]ll compensation has been paid." *Id*. at 4. Aside from asserting a counterclaim for conversion, this is the entirety of Reuter's response to the complaint.

On March 2, 2026, Catching filed the instant motion requesting that Reuter's answer be stricken because:

> The Answer filed by Defendant wholly failed to state in short and plain terms its defenses to each claim asserted against Defendant, failed to admit or deny a single allegation asserted against Defendant in Plaintiff's Complaint, and failed to fairly respond to the substance of a single allegation as required by Fed. R. Civ. P. 8(b)(1)(A), Fed. R. Civ. P. 8(b)(1)(B), and Fed. R. Civ. P. 8(b)(2).

Dkt. 16 at 2. Catching also asserts that Reuter's "answer makes a blanket assertion denying Plaintiff's claim," constituting an impermissible general denial. *Id*. at 3. Reuter's response to Catching's motion is not due until March 23, 2026. I see no reason to await Reuter's response, however, because nothing he could say would change the outcome.

### LEGAL STANDARD

Rule 8(b) sets forth the requirements for responding to claims:

(1) *In General*. In responding to a pleading, a party must:

> (A) state in short and plain terms its defenses to each claim asserted against it; and
>
> (B) admit or deny the allegations asserted against it by an opposing party.

(2) *Denials—Responding to the Substance*. A denial must fairly respond to the substance of the allegation.

(3) *General and Specific Denials*. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional

grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) *Denying Part of an Allegation.* A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) *Lacking Knowledge or Information.* A party that lacks information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) *Effect of Failing to Deny.* An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b).

A general denial—that is, an answer denying all allegations in the complaint—is prohibited in all but the most exceptional of cases. *See F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-cv-269, 2021 WL 5883136, at *7 (N.D. Tex. Dec. 10, 2021). In simple terms, Rule 8(b) requires that a defendant's denial "fairly respond to the substance of the allegation" by either (1) admitting or denying the allegations asserted against it by an opposing party, or (2) stating that it lacks knowledge or information sufficient to form a belief about the truth of an allegation. "Rule 8 ensures that the plaintiff is aware of the allegations in the complaint that the defendant admits and those that he contests, so the plaintiff knows what he will need to prove at trial." *SEC v. Kirchner*, No. 4:23-cv-0147, 2023 WL 5322433, at *1 (N.D. Tex. July 14, 2023) (quotation omitted).

While a pro se litigant's petitions and pleadings are liberally construed, basic procedural pleading obligations still apply. *See F.M.D. Holdings, LLC*, 2021 WL 5883136, at *7. "'[P]ro se litigants must conform to the same rules that are no doubt more easily understood by lawyers.'" *Id.* (quoting *Propes v. Quarterman*, 573 F.3d 225, 232 (5th Cir. 2009)).

**REUTER MUST COMPLY WITH RULE 8**

Reuter's answer fails to comply with Rule 8's requirements. It does not specifically admit or deny any of Catching's allegations. Further, because Reuter's answer does not challenge the court's jurisdiction or venue, it is not construed as a general denial. *See* Fed. R. Civ. P. 8(b)(3). Reuter cannot assert a general denial, because Catching invokes this court's federal question jurisdiction under the FLSA—which cannot be denied in good faith. *See Poole v. Dhiru Hosp., LLC*, No. SA-18-cv-636, 2018 WL 7297891, at *2 (W.D. Tex. Oct. 29, 2018) ("General denials are only appropriate when all allegations brought in the complaint, *including jurisdiction*, are in good faith denied by a party." (emphasis added)). As written, Reuter's answer does not comply with the Federal Rules and must be stricken. *See United States v. Gentletouch Healthcare, Inc.*, No. A-21-cv-725, 2021 WL 8443764, at *2 (W.D. Tex. Nov. 9, 2021) (striking answer that failed to comply with Rule 8).

Because Reuter is representing himself, I will afford him an opportunity to file an amended answer that complies with Rule 8's requirements. Reuter may choose to "either specifically deny designated allegations or generally deny all except those specifically admitted." Fed. R. Civ. P. 8(b)(3). Reuter may also choose, as many defendants do, to specifically deny or admit each allegation in the complaint. Whichever route Reuter chooses, he must "state in short and plain terms [his] defenses to each claim asserted against [him]" and "admit or deny the allegations asserted against [him]." Fed. R. Civ. P. 8(b)(1). Failure to properly answer the complaint risks any non-compliant answer being stricken and the clerk's entry of default against Reuter.

**CONCLUSION**

For the reasons discussed above, Catching's motion to strike (Dkt. 16) is granted. I will give Reuter until Tuesday, March 24, 2026, to file a Rule 8-compliant answer. Failure to file a Rule 8-compliant answer by March 24, 2026, risks a clerk's entry of default.

SIGNED this ____ day of March 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE